**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| DEBORAH L. PURK, ) | CASE NO. 5:16-cv-01453 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| ) | |
| NANCY A. BERRYHILL, ) | |
| *Acting Comm'r of Social Security*, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Defendant. ) | |

Plaintiff, Deborah L. Purk (hereinafter "Plaintiff"), challenges the final decision of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security (hereinafter "Commissioner"), denying her applications for a Period of Disability ("POD"), Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381 *et seq*. ("Act").   This court has jurisdiction pursuant to 42 U.S.C. § 405(g).   This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b) for a Report and Recommendation.   For the reasons set forth below, the Magistrate Judge recommends that the Commissioner's final decision be AFFIRMED.

## I. Procedural History

On September 14, 2012, Plaintiff filed her applications for POD, DIB, and SSI, alleging a disability onset date of May 26, 2012. (Transcript ("Tr.") 164-176).   The applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 90-115).   Plaintiff participated in the hearing on August 13, 2014, was represented by counsel, and testified. (Tr. 26-47).   A vocational expert ("VE") also participated and testified. *Id*.   On November 26, 2014, the ALJ found Plaintiff not disabled. (Tr. 21.)   On April 13, 2016, the Appeals Council declined to review the ALJ's decision, and the ALJ's decision became the Commissioner's final decision. (Tr. 1-4).   On June 13, 2016, Plaintiff filed a complaint challenging the Commissioner's final decision. (R. 1).   The parties have completed briefing in this case. (R. 12 & 13).

Plaintiff asserts one assignment of error: (1) the ALJ erred at Step Five of the sequential evaluation by relying on the vocational expert's testimony that she acquired transferable skills. (R. 12, PageID# 418-423).

## II. Evidence

### A. Personal and Vocational Evidence

Plaintiff was born in May of 1956 and was 55-years-old on the alleged disability onset date. (Tr. 164).   She had at least a high school education and was able to communicate in English. (Tr. 20).   She had past relevant work as a home health aide, shipping clerk, and machine operator. *Id*.

**B. Relevant Hearing Testimony**[1]

In a Work History Report she completed in association with her disability applications, Plaintiff identified five past jobs that she held between 1996 and 2012: (1) "home health care worker;" (2) "shipping & receiving;" (3) "machine operator;" (4) "food server – baker;" and (5) "cashier." (Tr. 227). With respect to the "shipping & receiving" job which forms the basis of Plaintiff's sole assignment of error, she described her duties as follows:

> Clean and prepare jobs for process—clean parts with degrease and tape off specific areas. Some jobs were only 2 inch[es] long while others were 25 ft or more. Some jobs were 1 piece while other jobs were over 50 pieces. After process I had to remove tape and residue from part and clean and pack for shipping.

(Tr. 227, 229, 234). According to Plaintiff, the shipping and receiving clerk position involved 6 to 8 hours of walking, 8 to 10 hours of standing, and 0 hours of sitting. (Tr. 229). All postural movements were described as frequent to constant. *Id*. The work involved using machines, tools or equipment; required technical knowledge and skills; and involved writing and/or completing reports. *Id*. She indicated that she spent 8 to 10 hours per day writing, typing, or handling small objects. *Id*.

At the August 13, 2014 hearing, Plaintiff testified as follows:

- She received a GED and did not attend college. (Tr. 31-32).

- Between 1996 and 2004, she worked as a machine operator. Specifically, she did the drilling and grinding of slip yokes, which are automotive parts. The work involved being on her feet all day and lifting up to 40 pounds. (Tr. 32).

- Between 2004 and 2009, she worked in shipping and receiving for a metal fabricator. Her job duties included cleaning parts brought into the plant and "mov[ing] them down the line." When parts were ready to be shipped, she cleaned them, packed them, and got them

---

[1] The sole assignment does not challenge the failure to designate a certain impairment as severe, the weight ascribed to any medical source, or even the RFC determination. Rather, Plaintiff contends the ALJ misconstrued the duties involved in her past relevant work. Therefore, the court foregoes its usual discussion of the medical records as they are not germane to the assignment of error.

3

ready for shipment. (Tr. 32). The job involved mostly standing with occasional kneeling, and would lift no more than 40 pounds—she used a crane for any items that were heavier than 40 pounds. (Tr. 32-33).

At the outset of the VE's testimony, the ALJ asked: "Do you understand that if you give us an opinion that conflicts with information in the DOT [Dictionary of Occupational Titles] that you need to advise us of the conflict and the basis for your opinion?" (Tr. 41) The VE responded that she understood. *Id.* The VE identified Plaintiff's past relevant work as follows: a home health aide, DICOT 355.674-014, semiskilled, SVP: 4, medium exertion per the DOT and medium to heavy as typically performed; a shipping and receiving clerk, DICOT 222.387-050, skilled, SVP: 5, medium exertion per the DOT and as performed; and, a machine operator, DICOT 606.685-010, semiskilled, SVP: 3, medium exertion per the DOT and as performed. (Tr. 41-42).

The ALJ posed the following hypothetical question to the VE:

> [A]ssume an individual the Claimant's age, education and work experience with the following limitations: Occasionally lift and carry 20 pounds, frequently lift and carry 10 pounds; stand or walk six hours and sit six hours in an eight-hour workday with normal breaks; push or pull consistent with the lifting limitations; occasionally climb ladders or scaffolds; occasionally climb ramps or stairs; frequently stoop or balance; occasionally kneel, crouch or crawl. Would that individual be able to perform any of the Claimant's past work?

(Tr. 42).

The VE testified that such an individual could not perform any of Plaintiff's past relevant work. (Tr. 42). Thereafter, the ALJ inquired as to whether "the Claimant acquired any skills from her past work that would transfer to occupations within the limitations that I've given you?" The VE responded in the affirmative. (Tr. 42). The VE identified the specific skills as "compiling and organizing." (Tr. 42-43). The VE testified that Plaintiff's acquired skills would allow her to perform the following light exertional jobs within the parameters set by the hypothetical: a complaint clerk, DICOT 221.387-014, semiskilled, SVP: 4, light (300,000 jobs nationally);

4

shipping checker, DICOT 222.687-030, semiskilled, SVP: 4, light (350,000 jobs nationally); quality control clerk, DICOT 229.587-014, semiskilled, SVP: 3, light (400,000 jobs nationally). (Tr. 42). The VE indicated that these jobs were sufficiently similar to Plaintiff's past work that an individual would need to make little, if any, vocational adjustment in terms of tools, work processes, and work settings.[2] (Tr. 43).

The ALJ posed a second hypothetical to the VE:

> [A]ssume the following limitations for an individual the Claimant's age, education and work experience: Occasionally lift and carry 20 pounds, frequently lift and carry 10 pounds; stand or walk two hours and sit six hours in an eight-hour workday with normal breaks; push or pull consistent with the lifting limitations; can never climb ladders or scaffolds; occasionally climb ramps or stairs; occasionally stoop, kneel, crouch, crawl or balance. Could that individual perform any of the Claimant's past work?

(Tr. 43).

The VE testified that such an individual could not perform any of Plaintiff's past relevant work. (Tr. 43). The ALJ again inquired as to whether Plaintiff acquired any skills from her past work that would transfer to occupations within the limitations set forth in the second hypothetical. *Id*. The VE responded in the negative. *Id*.

The ALJ asked the VE whether her testimony was consistent with the Dictionary of Occupational Titles, and the VE responded that it had been consistent. (Tr. 43-44, 46).

### III. Disability Standard

A claimant is entitled to receive benefits under the Social Security Act when she establishes

---

[2] The VE testified that the only exception was that some employers may have specific programs within their computers for their particular company, which could require some minimal, additional training. (Tr. 43). Upon further questioning from Plaintiff's counsel, the VE testified that some of the jobs may require general training on these computer programs, while some of the jobs may not require the use of a computer at all. (Tr. 44-45). The VE also responded that there would be specific forms or paperwork associated with those jobs. (Tr. 45). In response to additional questions from the ALJ, the VE testified that the computer skills could be learned in 30 days or less. *Id.*

5

disability within the meaning of the Act. 20 C.F.R. § 404.1505 and 416.905; *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524 (6th Cir. 1981). A claimant is considered disabled when she cannot perform "substantial gainful activity by reason of any medically determinable physical or mental impairment(s) which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1509 and 416.909.

The Commissioner reaches a determination as to whether a claimant is disabled by way of a five-stage process. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. 20 C.F.R. §§ 404.1520(b) and 416.920(b). Second, the claimant must show that she suffers from a medically determinable "severe impairment" or combination of impairments in order to warrant a finding of disability. 20 C.F.R. §§ 404.1520(c) and 416.920(c). A "severe impairment" is one that "significantly limits ... physical or mental ability to do basic work activities." *Abbott*, 905 F.2d at 923. Third, if the claimant is not performing substantial gainful activity, has a severe impairment (or combination of impairments) that is expected to last for at least twelve months, and the impairment(s) meets a listed impairment, the claimant is presumed to be disabled regardless of age, education or work experience. 20 C.F.R. §§ 404.1520(d) and 416.920(d). Fourth, if the claimant's impairment(s) does not prevent her from doing her past relevant work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(e)-(f) and 416.920(e)-(f). For the fifth and final step, even if the claimant's impairment(s) does prevent her from doing her past relevant work, if other work exists in the national economy that the claimant can perform, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g), 404.1560(c), and 416.920(g).

6

### IV. Summary of the ALJ's Decision

The ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2015.

2. The claimant has not engaged in substantial gainful activity since May 26, 2012, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe combination of impairments: degenerative disc disease of the thoracic and lumbar spinal regions and degenerative joint disease of the right knee. (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the ability to lift and/or carry up to 20 pounds occasionally and 10 pounds frequently, stand and/or walk six hours in an eight-hour workday, sit six hours in an eight-hour workday, and push and/or pull consistent with the above lifting limitations.   She also has the following nonexertional limitations: occasionally climb ladders or scaffolds; occasionally climb ramps and/or stairs; frequently stoop and balance; and occasionally kneel, crouch or crawl.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on May 20, 1956 and was 56 years old, which is defined as an individual of advanced age, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. The claimant has acquired work skills from past relevant work (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual

>  functional capacity, the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy (20 CFR 404.1569, 404.1569(a), 404.1568(d), 416.969, 416.969(a), and 416.968(d)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 26, 2012, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 15-21).

## V. Law and Analysis

### A. Standard of Review

Judicial review of the Commissioner's decision is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010). Review must be based on the record as a whole. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). A court may look into any evidence in the record to determine if the ALJ's decision is supported by substantial evidence, regardless of whether it has actually been cited by the ALJ. *Id*. However, the court does not review the evidence de novo, make credibility determinations, or weigh the evidence. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

The Commissioner's conclusions must be affirmed absent a determination that the ALJ failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Brainard*, 889 F.2d at 681. A decision supported by substantial evidence will not be overturned even though substantial evidence supports the opposite conclusion. *Ealy*, 594 F.3d at 512.

B.  **Plaintiff's Assignments of Error**

   **1. Reliance on the Testimony of the VE at Step Five**

In the first and only assignment of error, Plaintiff asserts the ALJ erred at Step Five of the sequential evaluation. (R. 12, PageID# 418-423).   Specifically, Plaintiff states that the ALJ, who found she acquired skills from her past work that transferred to work at the light exertional level, erred by relying on the VE's testimony, because said testimony was "inconsistent with the record of evidence, including the description Plaintiff has consistently provided of her past relevant work." *Id*. at PageID# 419.

At the fifth and final step of the disability analysis, if a claimant cannot perform her past relevant work, it must be determined whether the claimant can make an adjustment to other work in light of the claimant's RFC, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).   At this final step, the burden shifts to the Commissioner to prove the existence of a significant number of jobs in the national economy that a person with the claimant's limitations could perform. *Her v. Comm'r of Soc. Sec*., 203 F.3d 388, 391 (6th Cir. 1999)*; accord White v. Comm'r of Soc. Sec.*, 312 Fed. App'x 779 (6th Cir. 2009).   An ALJ's finding in this regard must be supported by substantial evidence (*i.e.* that the claimant has the vocational qualifications to perform specific jobs). *Workman v. Comm'r of Soc. Sec.*, 105 Fed. App'x 794, 799 (6th Cir. 2004) (*citing Varley v. Sec'y of Health & Varley*, 820 F.2d 777, 779 (6th Cir. 1987)).

Testimony from a vocational expert—in response to a hypothetical question—may constitute substantial evidence that a claimant retains the ability to perform specific jobs, so long as the hypothetical question accurately accounts for a claimant's physical and mental impairments. *See,*

*e.g., Pasco v. Comm'r of Soc. Sec.*, 137 Fed. App'x 828, 845 (6th Cir. 2005) (*citing Varley*, 820 F.2d at 779)). However, "[t]he rule that a hypothetical question must incorporate all of the claimant's physical and mental limitations does not divest the ALJ of his or her obligation to assess credibility and determine the facts." *Griffeth v. Comm'r of Soc. Sec.*, 217 Fed. App'x 425, 429 (6th Cir. 2007) (*quoting Redfield v. Comm'r of Soc. Sec.*, 366 F. Supp.2d 489, 497 (E.D. Mich. 2005)). In other words, when an ALJ presents hypothetical question(s) to the VE, the ALJ is required to incorporate only those limitations that have been accepted as credible. *Griffeth*, 217 Fed. App'x at 429 (*citing Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

Plaintiff's argument is not the typical challenge to the reliability of a VE's testimony. *See, e.g., Engelhart v. Comm'r of Soc. Sec.*, Case No. 2:15-cv-2937, 2016 WL 5349280 at *4 (S.D. Ohio, Sept. 26, 2016) ("The typical attack on the reliability of the vocational testimony is that the hypothetical question did not accurately portray the claimant's limitations and the ALJ therefore was not entitled to consider the answer as substantial evidence.") (*citing White v. Comm'r of Soc. Sec.*, 312 Fed. App'x 779, 789 (6th Cir. Feb. 24, 2009) (remanding case where the hypothetical question did not accurately portray the claimant's limitations)). Here, Plaintiff does not argue that the RFC determination or the hypothetical question posed to the VE was faulty. Rather, Plaintiff argues that the VE was incorrect in determining that one of Plaintiff's past jobs, which she herself identified as "shipping & receiving" in her work history report (Tr. 227), was that of a shipping and receiving clerk, DICOT 222.387-050.[3] (R. 12, PageID# 419-420).

---

[3] Plaintiff's assertion—that the VE testified that the shipping and receiving clerk job was light and semi-skilled—is incorrect. (R. 12, PageID# 419). The VE unambiguously testified that the work was "skilled" with an SVP of 5 and "medium exertion per the DOT and as performed." (Tr. 41). The job is indeed medium exertional per DICOT 222.387-050. Plaintiff is also incorrect in her assertion that the position is "semi-skilled." (R. 12, PageID# 420). Pursuant to the *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* ("SCO" 05.09.01) U.S. Dept. of Labor (1993), the shipping and receiving clerk position, DICOT 222.387-050, has an SVP of 5. According to the Social

10

It is Plaintiff's position that her job duties were more appropriately in line with that of a "packager, machine" or "hand packager," DICOT 920.587-018. (R. 12, PageID# 420). This latter position is "unskilled." Plaintiff asserts that if her past job was designated as a machine or hand packager, which is unskilled, in lieu of a shipping and receiving clerk as found by the VE, she would have no transferable skills.[4] The court is highly skeptical whether this argument presents a cognizable claim. Plaintiff's brief cites no authority suggesting that a reviewing court, such as this one, can stand in the shoes of a vocational expert and make its own contrary determination. *See Carter v. Heckler*, 1987 WL 4790 at *7 (E.D. Pa. Mar. 2, 1987) ("Just as the ALJ is not permitted to substitute her judgment for that of medical experts, she may not substitute her judgment for that of vocational experts.")

In fact, the argument portion of Plaintiff's brief is nearly devoid of any legal authority save for a single citation to Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704 (Dec. 4, 2000), which is not on point. The self-stated purpose of SSR 00-4p was to clarify that an ALJ, before relying on VE testimony to support a decision, must "[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs or VSs and information in the Dictionary of Occupational Titles (DOT), including its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO)," and explain in the decision how any conflict that has been identified was resolved. 2000 WL 1898704 at *1. Plaintiff's brief has not identified any conflict between the VE's

---

Security Administration's Program Operations Manual System ("POMS"), "[o]ccupations with an SVP rating "5" or higher (as rated in the SCO) are considered to be **skilled**." U.S. Social Security Administration § DI 25001.001 – 43(c) (emphasis added).

4 Plaintiff is correct that skills cannot be acquired by unskilled work. Given Plaintiff was of advanced age pursuant to 20 C.F.R. §§ 404.1563(e) and 416.963(e) and had a high school education, had she also been found to have no transferable skills, Grid Rule 202.04 arguably would have compelled a finding of disabled.

11

testimony and the DOT. Instead, the only "conflict" identified by Plaintiff's brief is between the VE's determination that her past job was one of a shipping and receiving clerk and her conclusory statement that her "description of her position did not involve the management of incoming and outgoing shipments; or the maintenance of logs or records. Instead, the plaintiff simply cleaned parts and prepared them to be shipped. She did not do the actual shipment of these parts." (R. 12, PageID# 420). In this court's view, this is a fundamentally different argument than the assertion that the VE's testimony was inconsistent with the DOT—the primary subject of SSR 00-4p.

Furthermore, Plaintiff's brief does not cite to the record to support the description of her past work as set forth in her brief. The court's own recitation of Plaintiff's hearing testimony, summarized above, does not confirm the statement that Plaintiff was not involved in the management of shipments or the maintenance of logs or records. (Tr. 32-33). At best, Plaintiff's hearing testimony concerning her shipping and receiving job can be characterized as being so generalized that it does not clearly state whether she managed shipments or maintained logs or records. *Id.* By contrast, a work report questionnaire completed by Plaintiff specifically asked: "In this job, did you … Do any writing, complete reports, or perform duties like this." (Tr. 229). Plaintiff checked the box indicating "yes." In addition, while a second question is admittedly phrased in the disjunctive, Plaintiff indicated that her shipping and receiving job involved 8 to 10 hours per day writing, typing, *or* handling small objects. *Id.* Therefore, Plaintiff's assertion in her brief that she did not maintain logs or records is untenable.

In addition, the Commissioner correctly points out that Plaintiff's counsel had an opportunity to question the VE—and did ask her a series of questions—but never advised the ALJ that she believed there was a conflict between the claimant's job duties and the VE's identification of shipping and receiving clerk as one of her past relevant jobs. (Tr. 44-45). In *Ledford v. Astrue*,

12

311 Fed. App'x 746 (6th Cir. 2008), the Sixth circuit rejected a similar argument to the one presented by Plaintiff. Therein, the claimant insisted that the ALJ erred in accepting the testimony of the VE, because the descriptions for the jobs identified by the VE allegedly did not match the claimant's skills. *Id*. at 754-757. The *Ledford* court found as follows:

> Despite these strident arguments on appeal challenging the vocational expert's testimony, Ledford did not bring to the attention of the administrative law judge the alleged conflict between the oral testimony and the job descriptions in the Dictionary of Occupational Titles. As we recently explained in the unpublished opinion in *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374-75 (6th Cir. 2006), nothing in applicable Social Security regulations requires the administrative law judge to conduct his or her own investigation into the testimony of a vocational expert to determine its accuracy, especially when the claimant fails to bring any conflict to the attention of the administrative law judge.
>
> Furthermore, neither the testimony of a vocational expert nor the occupational descriptions in the Dictionary of Occupational Titles necessarily trumps the other.[5]

*Ledford*, 311 Fed. App'x at 757; *accord Kepke v. Comm'r of Soc. Sec.*, 636 Fed. App'x 625, 637 (6th Cir. 2016) ("At the hearing, [claimant] did not raise this conflict and the ALJ was under no duty to investigate any further than he did.") As there was simply no conflict identified at the hearing, there was no potential violation of SSR 00-4p.

Plaintiff is essentially asking the court to set aside the ALJ's reliance on the VE's testimony based on Plaintiff's own interpretation of the DICOT and SCO, coupled with a characterization of the requirements of her past relevant work that is not wholly consistent with the evidence of record. The court declines to do so. *See, e.g., Barajas v. Colvin*, Case No. CV 15-1208, 2016 WL 4149959 at *7 (C.D. Cal. Aug. 3, 2016) (generally agreeing with the defendant's argument that a "plaintiff's lay interpretation of the DOT may not supplant the expert conclusions of the VE.");

---

[5] The *Ledford* court further cited another Sixth Circuit decision holding "that the ALJ and consulting vocational experts are not bound by the Dictionary in making disability determinations because the Social Security regulations do not obligate them to rely on the Dictionary's classifications." *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003) (*citing Conn v. Sec'y of Health & Human Servs.*, 51 F.3d 607, 610 (6th Cir.1995)).

13

*Rom v. Colvin*, Case No. 15-CV-402, 2016 WL 3528059 at *3 (N.D. Okla. June 23, 2016) ("The vocational expert, not the court, has the expertise to interpret the information in the DOT.") (*citing Segovia v. Astrue*, 226 Fed. App'x 801, 804 (10th Cir. 2007)); *Hilton v. Comm'r of Soc. Sec.*, Case No. 6:14-cv-1339, 2016 WL 561364 at *5 (M.D. Fla. Feb. 12, 2016) (rejecting the claimant's interpretations of the DOT descriptions of the jobs identified by the VE, because the claimant failed to identify an actual conflict between the VE's testimony and the DOT); *Simmons v. Chater*, 950 F. Supp. 1501, 1507 (N.D. Okla. 1997) ("the Court is not in a position to second-guess the evidence from the [VE] that an individual with no transferable work skills could perform the jobs of dispatcher and telephone solicitor.")

Because no conflict was identified prior to the ALJ's decision that the ALJ was obligated to resolve, the ALJ did not err by relying on the VE's testimony. The VE's testimony, in turn, constituted substantial evidence supporting the ALJ's conclusion that Plaintiff could perform a significant number of jobs in the national economy. Therefore, Plaintiff's sole assignment of error is without merit.

## IV. Conclusion

For the foregoing reasons, it is recommended that the Commissioner's final decision be AFFIRMED.

s/ *David A. Ruiz*
David A. Ruiz
United States Magistrate Judge

Date: March 10, 2017

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the district court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).