**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DEBORAH L. PURK,** ) | **CASE NO. 5:16 CV 1453** |
| ) | |
| **Plaintiff,** ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| **COMMISSIONER OF SOC. SECURITY,** ) | |
| ) | |
| **Defendant.** ) | |

On September 14, 2012, Plaintiff Deborah L. Purk filed this action challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") who denied her applications for a Period of Disability ("POD"), Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. § 416(I), 423, 1831 *et seq*. (Doc #: 1.) Purk now argues that the Administrative Law Judge ("ALJ") erred at Step Five of the sequential evaluation by relying on the vocational expert's testimony that Purk acquired transferable skills. (Doc #: 12.)

On March 10, 2017, after reviewing the merits briefs and the record, Magistrate Judge David A. Ruiz issued a Report and Recommendation ("R & R") recommending that the Court affirm the Commissioner's final decision. (Doc #: 14.) The Magistrate Judge correctly noted that testimony from a vocational expert, in response to a hypothetical question, may constitute substantial evidence that the claimant retains the ability to perform specific jobs, so long as the hypothetical question accurately accounts for a claimant's physical and mental impairments.

The Magistrate Judge also correctly noted that the ALJ is required to incorporate into it's hypotheticals only those limitations he or she has accepted as credible.  But Purk is not challenging the ALJ's determination of the severity of her impairments, the ALJ's residual functional capacity analysis or conclusion, or the hypothetical questions the ALJ posed to the vocational expert ("VE").  Rather, Purk argues that the VE incorrectly determined that one of her past jobs, which she herself identified as "shipping & receiving," was that of a Shipping and Receiving clerk–a skilled position with transferable skills that would enable Purk to perform other occupations within the limitations the ALJ set forth in the hypothetical.

Plaintiff now argues, for the first time on judicial review, that her job duties in shipping and receiving were more comparable to the duties performed by a "Packager, Machine" and/or "Hand Packager"–unskilled positions with no transferable skills.  Such a finding by the VE would render Purk unemployable and, thus, disabled.  As the Magistrate Judge stated, however, Purk's argument is devoid of legal authority except for a single citation to a Social Security Ruling that is not on point, she does not cite the record to support the description of her past work, and her counsel had the opportunity to question the VE at the hearing and did, but never raised this particular issue.  The Magistrate Judge concluded that, because Purk neither identified this alleged conflict at the hearing or prior to the issuance of the ALJ's decision, the ALJ did not err by relying on the VE's testimony which constituted substantial evidence that Purk could perform a significant number of jobs in the national economy.

On page 15 of the R & R, Magistrate Judge Ruiz notified the parties that

[a]ny objections to this [R & R] must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this [R & R].  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th

> Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

Furthermore, under the relevant statute,

> Within fourteen days after being served with a copy [of the R & R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1). It is now eighteen (18) days since the parties were served with a copy of the R & R, and Plaintiff has neither filed objections nor requested an extension of time to file objections.

The Court has reviewed the Magistrate Judge Ruiz's thorough R & R and agrees with him that the Commissioner's final decision should be affirmed for the reasons stated therein. Accordingly, the Court **ADOPTS** the Magistrate Judge's R & R (**Doc #: 14**), and **AFFIRMS** the Commissioner's final decision denying Purk's applications for POD, DIB and SSI.

**IT IS SO ORDERED.**

*/s/ Dan A. Polster  March 28, 2017*
**Dan Aaron Pollster**
**United States District Judge**